UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID W. WILSON,<br>Plaintiff,<br>v.<br>RENE ALVAREZ, et al.,<br>Defendants. | Case No.: 1:26-cv-07456-JLT-EGC (PC)<br>**FINDINGS AND RECOMMENDATIONS TO DENY APPLICATION TO PROCEED IN FORMA PAUPERIS**<br>(Doc. 2)<br>14-Day Objection Deadline |

Plaintiff David W. Wilson is appearing pro se in this civil rights action pursuant to 42 U.S.C. section 1983.

**I. INTRODUCTION**

On September 15, 2026, Plaintiff filed a complaint and an application to proceed *in forma pauperis* (IFP). (Docs. 1 & 2.)

**II. THREE STRIKES PROVISION OF 28 U.S.C. § 1915**

Title 28 of the United States Code section 1915 governs IFP proceedings. The statute provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

In determining whether a case counts as a "strike," "the reviewing court looks to the dismissing court's action and the reasons underlying it.... This means that the procedural mechanism or Rule by which the dismissal is accomplished, while informative, is not dispositive." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (citation omitted).

## III. JUDICIAL NOTICE

The Court takes judicial notice[1] of following prior lawsuits filed by Plaintiff:

1. *Wilson v. Tilton*, No. 2:06-cv-01031-LKK-PAN (E.D. Cal.) (dismissed on September 12, 2006 for failure to state a claim);
2. *Wilson v. Schwartz*, No. 2:05-cv-01649-GEB-CMK (E.D. Cal.) (dismissed on October 31, 2006 for failure to state a claim);
3. *Wilson v. Dovey*, No. 2:06-cv-01032-FCD-EFB (E.D. Cal.) (dismissed on March 8, 2007 for failure to state a claim);
4. *Wilson v. Veal*, No. 2:06-cv-00067-FCD-KJM (E.D. Cal.) (dismissed on June 4, 2007 as frivolous and for failure to state a claim);
5. *Wilson v. Kernan*, No. 2:07-cv-00616-GEB-EFB (E.D. Cal.) (dismissed on January 23, 2008 for failure to state a claim);
6. *Wilson v. Dovey*, No. 2:06-cv-02553-JKS-EFB (E.D. Cal.) (dismissed on March 11, 2008 for failure to state a claim);
7. *Wilson v. Cal. Dep't of Corrs. & Rehab.*, No. 2:06-cv-01391-FCD-EFB (E.D. Cal.) (dismissed on August 11, 2008 for failure to state a claim);
8. *Wilson v. Zafra*, No. 2:06-cv-01577-FCD-KJM (E.D. Cal.) (dismissed on October 31, 2008 for failure to state a claim);
9. *Wilson v. Kernan*, No. 2:07-cv-00352-MCE-EFB (E.D. Cal.) (dismissed on January 21, 2009 for failure to state a claim);
10. *Wilson v. Curiel*, No. 08-56857 (9th Cir.) (dismissed on April 14, 2009 for failure to pay the filing fee after finding the appeal was frivolous)

---

[1] The Court may take judicial notice of court records. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

11. *Wilson v. Dir. of Adult Insts*., No. 2:08-cv-02904-WBS-GGH (E.D. Cal.) (dismissed on April 24, 2009 for failure to state a claim);
12. *Wilson v. Fitter*, No. 2:09-cv-01162-DDP-RNB (C.D. Cal.) (dismissed on September 30, 2010 for failure to state a claim);
13. *Wilson v. Cal. Med. Facility*, No. 21-15237 (9th Cir.) (dismissed on October 14, 2021 as frivolous).

A dismissal for a failure to state a claim is a strike for purposes of 28 U.S.C. section 1915(g). *Moore v. Maricopa Cnty. Sheriff's Office*, 657 F.3d 890, 893-94 (9th Cir. 2011). Further, the dismissal of an appeal for failure to pay filing fee after the Ninth Circuit denied the application to proceed IFP because the appeal was frivolous counts as a strike for purposes of 28 U.S.C. section 1915(g). *Richey v. Dahne*, 807 F.3d 1202, 1208 (9th Cir. 2015). Because Plaintiff has incurred at least three prior "strikes," and each was dismissed prior to the commencement of the current action on September 15, 2026, Plaintiff is subject to the section 1915(g) bar. Moreover, he is precluded from proceeding IFP in this action unless, at the time he filed his complaint, he was under imminent danger of serious physical injury. *See Andrews v. Cervantes*, 493 F.3d 1047, 1052-53 (9th Cir. 2007).

**IV. IMMINENT DANGER DISCUSSION**

***Plaintiff's Allegations***

The Court has conducted a review of Plaintiff's complaint. The complaint is lengthy and is comprised of both a form complaint and a separate typed complaint. It is also difficult to decipher. Plaintiff names 28 defendants; he presents three claims in the form complaint portion, and eight causes of action in the typed portion. Plaintiff's factual allegations are a confusing jumble of dates and actions commencing in January 2019 and concluding on August 31, 2026. Therefore, the undersigned focused primarily on those events or actions occurring in the year prior to Plaintiff's filing of the instant complaint on September 15, 2026.

***Analysis***

Plaintiff's allegations do not satisfy the imminent danger exception to section 1915(g). The "imminent danger" exception is available "for genuine emergencies," where "time is

pressing" and "a threat ... is real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). "Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical." *Blackman v. Mjening*, No. 1:16-cv-01421-LJO-GSA-PC, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016). To meet his burden under § 1915(g), Plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). "[V]ague and utterly conclusory assertions" of imminent danger or insufficient. *White v. Colorado*, 157 F.3d 1226, 1231-32 (10th Cir. 1998).

Here, the Court is unable to identify any genuine emergency involving a real or proximate threat where time is pressing. *Lewis*, 279 F.3d at 531. Plaintiff does not allege any specific allegation of "ongoing serious physical injury," nor any pattern of misconduct likely to result in "imminent serious physical injury." *Martin*, 319 F.3d at 1050. In the period between October 14, 2024 and August 31, 2026, Plaintiff alleges that: (1) he was denied single cell status; (2) at least two of his grievances resulted in a "time expired" response from the OOG, which Plaintiff asserts is improper and makes exhaustion of administrative remedies futile; (3) he was denied incontinent supplies and retaliated against by Nurse Stronach; (4) he filed two habeas corpus petitions in the Kings County Superior Court that were denied; (5) he filed a grievance regarding his need for disposable wipes, noting the denial of incontinent supplies, a complaint about toilet paper, and an inflamed and raw anus; (6) he requested a copy of an exhibit to a prior grievance (perhaps concerning access to courts) and received a response that the institution had no such grievance; (7) he sent a request for compliance and for copies of exhibits to OOG that was granted and the prison was directed to open a new log number and answer his claim on the merits; (8) he filed a habeas corpus petition in the Fifth District Court of Appeal that was denied; (9) he filed a "writ" in the California Supreme Court that was denied; (10) he sent a request to "Appeals Office Tech" regarding exhibits and video footage; (11) he filed a staff complaint against that individual; (12) he submitted a health request for a "new MCC" and requested single cell status based on his incontinence; (12) his grievance concerning disposable wipes was denied; (13) he was called to the clinic by a nurse for an "MCC update" but was not seen by Dr. Bassi; (14) he filed a

complaint concerning the denial of "Orthotic Boots & Sandals easy access Toilet & other Issues, and Plata settlement …;" and (15) he sent a letter to the Division of Adult Operations regarding his grievance and staff complaint regarding the Appeals Tech. (*See* Doc. 1 at 21-24.)

At bottom, Plaintiff fails to allege any imminent danger of serious physical injury and the undersigned finds no reasonable inference from the facts alleged. *White*, 157 F.3d at 1231-32.

Nor is it clear how any claim asserted presents an imminent danger of serious physical injury to Plaintiff. *Blackman*, 2016 WL 5815905, at *1; *Martin*, 319 F.3d at 1050; *see also, e.g., Maldonado-Ramirez v. Francisco*, No. 1:23-cv-00162-HBK (PC), 2023 WL 2327471, at *7 (E.D. Cal. Mar. 2, 2023) (finding that due process allegations fail to demonstrate imminent danger warranting an exception to the PLRA three-strikes rule), *adopted*, 2023 WL 2918622 (E.D. Cal. Apr. 11, 2023); *Taylor v. Carter*, No. 1:13-cv-1155 SAB (PC), 2014 WL 11774844, at *1 (E.D. Cal. May 5, 2014) (holding plaintiff's allegations of "excessive force, retaliation, and due process allegations arising from his placement and retention in administrative segregation" failed to show plaintiff was in imminent danger at the time the complaint was filed); *Prophet v. Clark*, No. CV 1-08-00982-FJM, 2009 WL 1765197, at *1 (E.D. Cal. June 22, 2009) (holding prisoner's access to the courts, interference with legal mail, and retaliation claims insufficient to satisfy § 1915(b) exception for cases of "imminent danger of serious physical injury").

Additionally, "the complaint of a three-strikes litigant must reveal a nexus between the imminent danger it alleges and the claims it asserts, in order for the litigant to qualify for the 'imminent danger' exception of § 1915(g)." *Stine v. Fed. Bureau of Prisons*, No. 1:13-cv-1883 AWI MJS, 2015 WL 5255377, at *3 (E.D. Cal. Sept. 9, 2015) (quoting *Pettus v. Morgenthau*, 554 F.3d 293, 298-99 (2d Cir. 2009)). In deciding whether such a nexus exists, courts consider "(1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is fairly traceable to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would redress that injury. The three-strikes litigant must meet both requirements in order to proceed [in forma pauperis]." *Id*. Here, Plaintiff's assertions offer too little or nothing that would reveal a nexus between any imminent danger and the multiple claims asserted. *Ray v. Lara*, 31 F.4th 692, 701 (9th Cir. 2022) (the alleged danger must "stem[] from the violations of

law alleged in [the] complaint ... [and] fairly traceable to unlawful conduct alleged in [the] complaint"); *Stine*, 2015 WL 5255377, at *3.

To the extent Plaintiff asserts a continuing or ongoing imminent danger, for the period between January 2019 and August 31, 2026, concerning the refusal to house him in a single cell or in a dorm with closer access to a toilet, or to provide him with disposable wipes or incontinent supplies, or even orthotics, the undersigned finds these allegations do not present an imminent danger of serious physical injury. *See, e.g.*, *Cannavan v. Newsom*, No. 1:26-cv-06992 EPG (PC), 2026 WL 2594138, at *2 (E.D. Cal. Sept. 2, 2026) (recommending denial of IFP and stating: "Plaintiff's wide-ranging and conclusory allegations fail to demonstrate that he may have been under 'imminent danger of serious physical injury' when he filed his complaint"); *Metcalf v. Doe*, No. 1:26-cv-02205-EPG (PC), 2026 WL 850840, at *3 (E.D. Cal. Mar. 27, 2026 ) (recommending denial of IFP and stating: "Without specific factual allegations of ongoing threats of serious physical injury, the Court finds that Plaintiff has failed to demonstrate that he was in imminent danger of physical injury when he filed the complaint"), adopted 2026 WL 1374744 (E.D. Cal. May 15, 2026); *Perryman v. Lynch*, No. 2:21-cv-2054 AC P, 2023 WL 5835728, at *2 (E.D. Cal. Aug. 11, 2023) (recommending denial of IFP and stating: "There is no indication that a threat of serious physical injury was ongoing at the time the complaint was filed. Plaintiff's allegation that he continues to suffer from the effects of the concussion is insufficient to meet the imminent danger exception. The standard is imminent or ongoing danger of serious physical injury, not ongoing symptoms or ongoing constitutional violations"), adopted 2023 WL 6392788 (E.D. Cal. Oct. 2, 2023); *Stephens v. Bragg*, No. 2:23-cv-1172 AC P, 2023 WL 4198685, at *3 (E.D. Cal. June 27, 2023) (recommending denial of IFP and stating: "Although it is clear that the alleged deliberate indifference to plaintiff's medical needs was ongoing at the time the complaint was filed, it does not appear that this ongoing dispute about proper treatment placed plaintiff in imminent danger of serious physical injury"), *adopted* 2023 WL 5516143 (E.D. Cal. Aug. 25, 2023), reconsideration denied, 2023 WL 6201751 (E.D. Cal. Sept. 22, 2023).

In sum, Plaintiff fails to allege that he was in any imminent danger of serious physical injury at the time the complaint in this action was filed. Therefore, Plaintiff should be precluded

from proceeding IFP in this case and must pay the $405.00 filing fee to litigate this action. *Andrews*, 493 F.3d at 1052-53; *Lewis*, 279 F.3d at 531.

**V. ORDER AND RECOMMENDATION**

Accordingly, based on the foregoing, the Court **HEREBY RECOMMENDS** that:

1. Plaintiff's application to proceed IFP (Doc. 2) be **DENIED** and Plaintiff be precluded from proceeding IFP in this action in accord with 28 U.S.C. section 1915(g); and
2. Plaintiff be ordered to pay the $405.00 filing fee for this action within 30 days.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections.** The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 22, 2026**

Erin Sny Castillo

UNITED STATES MAGISTRATE JUDGE